**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

GEORGE STEINMETZ,          )
                                  )
        Plaintiff,            )
                                  )
        v.                  )      C.A. No. 13-cv-06537-LDD
                                  )
PEARSON EDUCATION, INC.,    )
                                  )
        Defendant.        )
                                  )

---

**DEFENDANT'S ANSWER AND ADDITIONAL DEFENSES**

---

Defendant Pearson Education, Inc. ("Pearson"), by and through its undersigned counsel, hereby answers the Complaint filed by Plaintiff George Steinmetz ("Plaintiff") in accordance with the numbered paragraphs thereof as follows:

**STATEMENT OF ACTION**

1.     This is an action for copyright infringement arising out of the unauthorized use by Pearson Education, Inc. ("Pearson") of photographs (the "Photographs") owned by Steinmetz.

**ANSWER**:  It is admitted only that the Complaint purports to state claims for copyright infringement.  The allegations of this paragraph are otherwise denied.

**PARTIES**

2.     Steinmetz is a professional photographer engaged in licensing photographic images to publishers, including Pearson. He is a United States citizen and a resident of New Jersey.

**ANSWER**:  It is admitted only that Steinmetz is a photographer who licenses photographs.  Pearson lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are therefore denied.

3.      Pearson is a Delaware corporation and publisher of educational textbooks. Pearson sells and distributes its publications via its employees and agents in Pennsylvania and throughout the United States, including publications that are at issue in this action, in which Steinmetz's photographs are unlawfully reproduced. At all times pertinent to the allegations herein, Pearson acted through and in concert with its various imprints, divisions, partners, subsidiaries, predecessors, Pearson's parent company and its parent's subsidiaries and affiliates.

**ANSWER**:   It is admitted only that Pearson is a Delaware corporation that publishes educational textbooks and other materials.  The remaining allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent a response is required, the remaining allegations are denied.

### JURISDICTION

4.      This action asserts claims arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq.* This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

**ANSWER:**   It is admitted only that the Complaint purports to state claims under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*  The remaining allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.

### VENUE

5.      Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. § 1400(a) because Defendant conducts substantial business within the state of Pennsylvania; Defendant infringed Plaintiff's copyrights within the state of Pennsylvania; and a

substantial part of the events or omissions and alleged misconduct giving rise to Plaintiff's claims occurred in the state of Pennsylvania.

**ANSWER:** The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. To the extent a response is required, the allegations of this paragraph are otherwise denied.

## FACTS COMMON TO ALL COUNTS

6. Steinmetz is the owner of an exclusive right under the copyright in the photographic images ("Photographs") depicted in Exhibit 1.

**ANSWER:** The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. To the extent a response is required, Pearson lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and they are, therefore, denied.

7. The Photographs have been registered with the United States Copyright Office. A completed application for copyright registration, including fees and deposits in compliance with the Copyright Act, 17 U.S.C. §§ 101 et seq., has been submitted to the United States Copyright Office for one photograph, Image ID No. STNMTZ_19901201_02B, that is pending issuance of a registration certificate.

**ANSWER:** The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. To the extent a response is required, Pearson lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and they are, therefore, denied.

8. Between 1995 and 2010, in response to permission requests from Pearson, Steinmetz sold Pearson limited licenses to use copies of the Photographs in numerous

educational publications. The licenses Steinmetz granted Pearson were expressly limited by number of copies, distribution area, language, duration, and/or media as summarized in Exhibit 1.

**ANSWER:** The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. To the extent a response is required, it is admitted only that, over the years, Pearson has requested – and, prior to the initiation of lawsuits like the instant action, uniformly has been granted – non-exclusive licenses from Plaintiff to publish stock photographs in its educational publications. These licenses consist of various documents and communications that speak for themselves and Plaintiff's characterization of those documents and communications is denied. The allegations of this paragraph are otherwise denied.

9. At the time Pearson represented to Steinmetz that it needed specified, limited licenses to use the Photographs, Pearson often knew its actual uses under the licenses would exceed the usage rights it was requesting and paying for.

**ANSWER:** Denied.

10. Pearson intended by its misrepresentations to obtain access to the Photographs at a lower cost than it would have paid had it been honest in its dealings and to conceal the copyright infringements that followed. Pearson was successful and achieved both these wrongful ends, inducing Steinmetz to rely on its misrepresentations to his detriment.

**ANSWER:** The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. To the extent a response is required, the allegations of this paragraph are denied.

11.     Upon information and belief, Pearson exceeded the permitted uses under the terms of the limited licenses it was granted in the publications identified in Exhibit 1 and in related ancillary publications, including, but not limited to, custom editions, pupil editions, teacher editions, and study guides, as well as digital, electronic, and online editions, e-books, CDs, DVDs, CD-ROMs, flash drives, screen shots, laser disks, audiotapes, videotapes, Power Point presentations, uses on Internet websites, advertising and sales materials, samples, pilots, facsimiles, and other associated publications and products.

**ANSWER:**   The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent a response is required, the allegations of this paragraph are denied.

12.     Upon information and belief, Pearson used the Photographs without any license or permission in additional publications. Because Pearson alone knows of these wholly unauthorized uses, Steinmetz cannot further identify them without discovery.  Upon information and belief, Pearson has developed a list of its wholly unlicensed uses and Steinmetz's Photographs are among those Pearson has so identified.

**ANSWER:**   The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent a response is required, the allegations of this paragraph are denied.

13.     Pearson alone knows the full extent to which it has infringed Steinmetz's copyrights by making unauthorized uses of the Photographs.  Information about Pearson's uses of Steinmetz's photographs is not publicly available.  Despite this superior knowledge, Pearson, the sole source of information about its unauthorized uses, refuses to disclose its uses to copyright holders.

**ANSWER:**    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.   To the extent a response is required, the allegations of this paragraph are denied.

*Pearson's Pattern of Infringement*

**ANSWER:**    The characterization in this section header is specifically denied.

14.    Pearson's practice of requesting and paying for a license for limited uses, and then exceeding those licensed uses, extends beyond the publications in suit.   While the lost licensing fee to any individual copyright holder is relatively small, Pearson has sold and distributed millions of its publications, generating billions in revenue.   Pearson's business model, built on a foundation of pervasive and willful copyright infringement, deprived Steinmetz and hundreds of other photographers and visual art licensors of their rightful compensation and unjustly enriched Pearson with outlandish profits in the process.

**ANSWER:**    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.   To the extent a response is required, the allegations of this paragraph are denied.

15.    Pearson's own documents produced in a parallel case show that Pearson exceeded license limits in the following textbooks, which also include Steinmetz's photographs:

a.    *Child Development*, by Laura Berk, 6th Ed., ISBN # 0205355048. Steinmetz granted permission for Pearson to print 40,000 copies for distribution in the United States, with no more than 5% distribution within North America. Pearson printed at least 100,720 copies and distributed at least 6,136 copies outside North America;

6

    b.     *Development through the Lifespan*, by Laura Berk, 3rd Ed., ISBN # 0205391575. Steinmetz granted permission for Pearson to print 32,000 copies. Pearson printed at least 126,229 copies;

    c.     *Psychology* by Saul Kassin, 4th Ed., ISBN # 0130496413. Steinmetz granted permission for Pearson to print 40,000 copies for distribution in North America. Pearson printed at least 54,042 copies and distributed at least 2,312 copies of the textbook outside North America.

Summaries of Pearson's documents produced in discovery were filed with the courts in two parallel cases, *Viesti Associates, Inc. v. Pearson Education, Inc.* (D. Colo. No. 1:11-cv-01687, *Viesti I*), *see* Exhibit 3, p. 16 lines 121, 124-126; Exhibit 4 (D. Colo. No. 1:12-cv-01431, *Viesti II*), p. 18, line 431.

    **ANSWER:**    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. To the extent a response is required, the allegations of this paragraph are denied. By way of further response, the various licensing documents and communications and filings referenced in this paragraph speak for themselves and Plaintiff's characterization of those documents and communications is, therefore, denied. It is further denied that the "summaries of Pearson's documents produced in discovery" are accurate.

    16.    Pearson has been adjudicated a copyright infringer for engaging in the same practices as are alleged herein. In *Bean et al., v. Pearson Education, Inc.* (D. Az. No. 3:11-cv-08030-PGR), Pearson was found liable on summary judgment for 418 claims of unauthorized uses of photographs in its textbooks. *Bean et al. v. Pearson Education, Inc.*, ___F. Supp.2d____, 2013 WL 2564106 (D. Ariz. 2013).

**ANSWER:**    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  By way of further response, the purported "adjudication" referenced in this paragraph is an opinion issued by a district court that speaks for itself and Plaintiff's characterizations of such "adjudication" is, therefore, denied.  It is admitted only that summary judgment was entered against Pearson in *Bean et al., v. Pearson Education, Inc.* (D. Az. No. 3:11-cv-08030-PGR) with respect to 418 claims of copyright infringement.  The allegations of this paragraph are otherwise denied.

17.    On May 3, 2010, and January 13, 2011, Julie Orr, Pearson's Curriculum Group's Image Manager, Rights and Permissions, testified that Pearson had published photographs in its textbooks in some instances without obtaining any permission and had printed in excess of license limits in situations where licenses were obtained.

**ANSWER:**    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  By way of further response, the purported testimony referenced in this paragraph speaks for itself and Plaintiff's characterizations of such testimony are, therefore, denied.

18.    On June 16, 2010, Maureen Griffin, Pearson's Curriculum Group's Photo Commissions Editor, testified that Pearson had published photographs in its textbooks "before the FTP [file to printer] date" and that "the number of textbooks printed exceeded the licenses we obtained."

**ANSWER:**    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  By way of further response, the purported testimony referenced in this paragraph speaks for itself and Plaintiff's characterizations of such testimony are, therefore, denied.

19.     Numerous other photographers and stock photography agencies have brought actions against Pearson alleging copyright infringement claims nearly identical to those asserted by Steinmetz in this action.  Since 2009, Pearson has been sued for copyright infringement in furtherance of the scheme described herein in at least 20 actions.

**ANSWER:**     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  It is admitted only that since 2009, Pearson has been sued for copyright infringement in numerous actions.  By way of further response, the majority of these lawsuits have not been adjudicated on the merits and the law is clear that paragraphs in a complaint that are either based on, or rely on, complaints in other actions that have been dismissed, settled, or otherwise not resolved, are, as a matter of law, immaterial within the meaning of Fed.R.Civ.P. 12(f).  By way of further response, the public filings referenced in this paragraph are documents that speak for themselves and any characterizations thereof are denied.  The allegations of this paragraph are otherwise denied.

20.     In many, if not all of those suits, Pearson filed motions to dismiss claiming that infringement claims pleaded "upon information and belief" – necessary because Pearson, the sole source of information about its infringing uses, refuses to disclose its uses – must be dismissed as unsupported by evidence and that only infringements Pearson acknowledges before suit are actionable.  No court has granted such a motion. Such motions have been denied in at least the following nine cases: *Norbert Wu v. Pearson Education, Inc.*, No. 09-cv-06557-RJH; *Grant Heilman Photography Inc. v. Pearson Education, Inc.* (E.D. Pa. No. 5:11-cv-04649-LDD); *Jon Feingersh Photography, Inc. v. Pearson Education, Inc.* (E.D. Pa. No. 11-cv-05122-AB); *Bean et al., v. Pearson Education, Inc.* (D. Az. No. 3:11-cv-08030-PGR); *Pacific Stock, Inc. v. Pearson Education, Inc.* (D. Hawaii No. 11-cv-00423-SOM-BMK); *Robert Frerck v.*

*Pearson Education, Inc.*, No. 1:11-cv-05319; *Alaska Stock, LLC v. Pearson Education, Inc.* (D. Alaska No. 3:11-cv-00162 TMB); *Carr Clifton v. Pearson Education, Inc.* (N.D. Cal. No. 5:11-cv-03640-EJD); *Minden Pictures, Inc. v. Pearson Education, Inc.*, (N. D. Cal. No. 3:11-cv-05385-WHA); *Jon Feingersh Photography, Inc. v. Pearson Education, Inc.* (E.D. Pa. No. 13-CV-00078-AB). To avoid another adverse ruling, Pearson withdrew its motion to dismiss in *Phil Degginger v. Pearson Education, Inc.* (E.D. Pa. No. 11-cv-01302-GKP).

**ANSWER:**   It is admitted only that Pearson has filed motions to dismiss in certain copyright infringement cases identified in this paragraph.   Those motions and the court orders resolving the motions are documents that speak for themselves and Plaintiff's characterization of those documents is, therefore, denied.  By way of further response, the lawsuits identified in this paragraph have not been adjudicated on the merits and the law is clear that paragraphs in a complaint that are either based on, or rely on, complaints in other actions that have been dismissed, settled, or otherwise not resolved, are, as a matter of law, immaterial within the meaning of Fed.R.Civ.P. 12(f).  The allegations of this paragraph are otherwise denied.

21.    In a parallel case, *Minden Pictures, Inc. v. Pearson Education, Inc.*, N.D. Cal. No. 3:11-cv-05385-WHA, the court denied Pearson's motion to dismiss stating: "Minden alleged in its initial complaint in November 2011 that it had found 29 cases of copyright infringement by Pearson (Compl. ¶ 9).  Four months later, it had already found over 100 new instances (Second Amd. Compl. ¶ 13).  Pearson does not dispute that Minden's second amended complaint sufficiently alleges infringement as to these 132 images (Br. 14).  Therefore, a reasonable inference can be drawn that, through a pattern and practice of impermissible use and deception, Pearson has profited from the unauthorized distribution of more than just these 132 images."

**ANSWER:** It is admitted only that Pearson filed a motion to dismiss in *Minden Pictures, Inc. v. Pearson Education, Inc.*, C.A. No. 3:11-cv-05385-WHA (N.D. Cal. 2011). This motion and the court order resolving this motion speak for themselves and Plaintiff's characterization of those documents is, therefore, denied. The allegations of this paragraph are otherwise denied.

22.     On November 1, 2013, Steinmetz asked Pearson to disclose its unauthorized uses of Steinmetz's photographs (Exhibit 2). As of the date of this filing, Pearson has not responded.

**ANSWER:** The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. To the extent this paragraph refers to Exhibit 2, that exhibit is a document that speaks for itself and any characterization of that document is, therefore, denied. By way of further response, any disclosures or requests made during pre-filing settlement negotiations are inadmissible pursuant to Fed. R. Evid. 408.

23.     Pearson has the ability to quickly generate comprehensive automated reports showing its uses of copyrighted photographs in its publications and has done so in at least one other copyright infringement case. Thus, if Pearson had chosen to do so, it could have responded to Steinmetz's request for information regarding its uses of Steinmetz's Photographs by generating a comprehensive report showing its uses of Steinmetz's Photographs in its publications, which would have allowed the parties to explore a resolution of Steinmetz's copyright infringement claims without litigation. Furthermore, if Pearson had disclosed its usage of Steinmetz's Photographs, even if the parties had been unable to resolve Steinmetz's copyright infringement claims without litigation, the number of Photographs at issue in this litigation could have been reduced if Pearson had shown which, if any, of its uses were not infringing.

**ANSWER:** Denied.

11

24.     When Pearson copied, distributed and used the Photographs without authorization, Pearson had a duty in equity and good conscience to disclose those uses.  This is especially so because Pearson knew precisely when its use of the Photographs exceeded the applicable license limitations, or were used without any license, but Steinmetz had no such knowledge nor any reason to assume Pearson was being deceitful in the uses it was making of the Photographs.

**ANSWER:**     The allegations of this paragraph are conclusions of law to which no response is required and they are, therefore, denied.  To the extent a response is required, the allegations of this paragraph are denied.

25.     In this case, as it has in others without success, Pearson seeks judicially-conferred immunity for its widespread copyright infringements by its "commit-the-perfect-crime" approach:

a.      License for unrealistically low limits, giving Pearson access to the Photographs and concealing its infringements because the licensor doesn't know if and when Pearson violates any particular license's limits.

b.      Use beyond the authorized limits without notice.

c.      Refuse to disclose its unauthorized uses when requested.

d.      Argue in court that infringement claims pleaded "upon information and belief" — necessary because Pearson, the sole source of information about its infringing uses, refuses to disclose its uses — must be dismissed as unsupported by evidence and that only infringements Pearson publicly acknowledges before suit are actionable.

**ANSWER:**    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.   To the extent a response is required, the allegations of this paragraph are denied.

### *Contributory Copyright Infringement*

**ANSWER:**    The characterization in this section header is specifically denied.

26.    Pearson facilitates the international distribution of its publications, in part, through its international rights management group ("IRMG") located in Indiana and New Jersey. The IRMG website indicates that it is the IRMG's "mission to maximize the number of translations and local versions published that are based upon products of Pearson Education," and that the IRMG "arranges for approximately 4,000 third-party licenses annually, which includes translations in approximately 50 languages read around the world."   The IRMG website also indicates that its team "frequently travels to countries to visit with local publishing partners who are interested in obtaining foreign rights to our books."

**ANSWER:**    It is admitted only that Pearson has an international rights management group.   By way of further response, the website referenced in this paragraph speaks for itself and Plaintiff's characterizations of that website's content are, therefore, denied.

27.    Upon information and belief, Pearson reproduced and distributed the Photographs without Steinmetz's permission to other entities, subsidiary companies, divisions, affiliates, and/or third parties ("Third Parties").  Upon information and belief, Pearson's unauthorized reproduction and distribution to the Third Parties took place in the United States.

**ANSWER:**    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.   To the extent a response is required, the allegations of this paragraph are denied.

28.    Upon information and belief, the Third Parties then translated the publications at issue into additional languages or published them in local adaptations or reprints and included the Photographs in these publications without Steinmetz's permission.

**ANSWER:**    The allegations of this paragraph and its subparts contain conclusions of law to which no response is required and they are, therefore, denied.  By way of further response, with respect to the alleged conduct of unidentified "Third Parties," Pearson lacks knowledge or information sufficient to form a belief about the truth of this allegation and it is, therefore, denied.

29.    By transmitting the photographs to the Third Parties, Pearson enabled, induced, caused, facilitated, or materially contributed to the Third Parties' unauthorized reproduction and distribution of the Photographs.

**ANSWER:**    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  By way of further response, with respect to the alleged conduct of unidentified "Third Parties," Pearson lacks knowledge or information sufficient to form a belief about the truth of this allegation and it is, therefore, denied.  To the extent a further response is required, the allegations of this paragraph are denied.

30.    Upon information and belief, Pearson permitted Third Parties to distribute Pearson's publications containing the Photographs in new territories, to translate such publications into new languages, and to adapt such publications for distribution in additional territories.

**ANSWER:**    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  By way of further response, with respect to the alleged conduct of unidentified "Third Parties," Pearson lacks knowledge or information

14

sufficient to form a belief about the truth of this allegation and it is, therefore, denied.  To the extent a further response is required, the allegations of this paragraph are denied.

31.     Upon information and belief, Pearson knew when it reproduced and distributed the Photographs that the Third Parties would reproduce and distribute the Photographs without Plaintiff's authorization.

**ANSWER:**     Denied.

32.     Upon information and belief, Pearson knew that the Third Parties were reproducing and distributing Plaintiffs' Photographs without authorization.

**ANSWER:**     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  By way of further response, with respect to the alleged conduct of unidentified "Third Parties," Pearson lacks knowledge or information sufficient to form a belief about the truth of this allegation and it is, therefore, denied.  To the extent a further response is required, the allegations of this paragraph are denied.

33.     Upon information and belief, Pearson directly profited from its transmission of the Photographs to the Third Parties since such Third Parties paid Pearson for translation and distribution rights, including access to all of the content in the publications.

**ANSWER:**     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  By way of further response, with respect to the alleged conduct of unidentified "Third Parties," Pearson lacks knowledge or information sufficient to form a belief about the truth of this allegation and it is, therefore, denied.  To the extent a further response is required, the allegations of this paragraph are denied.

34.     All exhibits attached hereto are incorporated into this complaint by this reference.

**ANSWER:** The exhibits attached to the Complaint are documents that speak for themselves and any characterization of those documents or any testimony they purport to reflect are, therefore, denied.

## COUNT I
## COPYRIGHT INFRINGEMENT

35. Steinmetz incorporates herein by this reference each and every allegation contained in the paragraphs set forth above.

**ANSWER:** Pearson incorporates by reference its responses to the foregoing paragraphs of its Answer as if set forth fully herein.

36. The foregoing acts of Pearson constitute infringements of Steinmetz's copyrights in the Photographs in violation of 17 U.S.C. §§ 501 *et seq*.

**ANSWER:** The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. To the extent a response is required, the allegations are denied.

37. Steinmetz suffered damages as a result of Pearson's unauthorized use of the Photographs.

**ANSWER:** The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. To the extent a response is required, the allegations are denied.

## COUNT II
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

38. Steinmetz incorporates herein by this reference each and every allegation contained in each paragraph above.

**ANSWER:** Pearson incorporates by reference its responses to the foregoing paragraphs of its Answer as if set forth fully herein.

39.     The foregoing acts of Pearson constitute contributory infringement of Plaintiff's copyrights in the Photographs in violation of 17 U.S.C. §§ 501 *et seq.*

**ANSWER:**     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent a response is required, the allegations are denied.  By way of further response, on May 12, 2014, Pearson filed a Motion to Dismiss Count II of the Complaint and, therefore, no response to this allegation is required.

40.     Steinmetz suffered damages as a result of the unauthorized use of the Photographs.

**ANSWER:**     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent a response is required, the allegations are denied.  By way of further response, on May 12, 2014, Pearson filed a Motion to Dismiss Count II of the Complaint and, therefore, no response to this allegation is required.

WHEREFORE, Plaintiff requests the following:

1.     A permanent injunction against Defendant and anyone working in concert with it from copying, displaying, distributing, selling or offering to sell Plaintiff's Photographs described in this Complaint and Plaintiff's photographs not included in suit.

2.     As permitted under 17 U.S.C. § 503, impoundment of all copies of Plaintiff's Photographs used in violation of Plaintiff's copyrights as well as all related records and documents and, at final judgment, destruction or other reasonable disposition of the unlawfully used Photographs, including digital files and any other means by which they could be used again by Defendant without Plaintiff's authorization.

3.      An award of Plaintiff's actual damages and all profits derived from the unauthorized use of Plaintiff's Photographs or, where applicable and at Plaintiff's election, statutory damages.

4.      An award of Plaintiff's reasonable attorneys' fees as permitted by 17 U.S.C. § 505 or any other statute, regulation, or agreement between the parties.

5.      An award of Plaintiff's court costs, expert witness fees, interest and all other amounts authorized under law.

6.      Such other and further relief as the Court deems just and proper.

**ANSWER:**   Pearson denies that Plaintiff is entitled to any damages or other relief, including the relief requested, and further denies the allegations contained in the WHEREFORE paragraph and its subparts.

<u>**ADDITIONAL DEFENSES**</u>

In further response to the Complaint, Pearson pleads the following additional defenses:

1.      The Complaint fails to state a claim upon which relief may be granted.

2.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff lacks standing.

3.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff does not own validly registered copyrights in the photographs at issue.

4.      Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff is not a legal or beneficial owner of one of the exclusive rights contemplated by Section 106 of the Copyright Act.

18

5.      Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

6.      Plaintiff's claims are barred, in whole or in part, because Plaintiff came into this suit with unclean hands and it is, therefore, not entitled to relief.

7.      Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

8.      Plaintiff's claims are barred, in whole or in part, by the terms of the licenses and/or preferred vendor agreement.

9.      Plaintiff's claims are barred, in whole or in part, because certain provisions allegedly contained in the parties' license agreements are not made part of those agreements and/or are unenforceable.

10.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to meet contractual preconditions or conditions precedent before filing this action.

11.     Plaintiff's claims are barred, in whole or in part, based on accord and satisfaction.

12.     Plaintiff's claims are barred, in whole or in part, by implied license.

13.     Plaintiff's claims are barred, in whole or in part, by the doctrines of de minimis use and fair use.

14.     The actions Plaintiff complains of, if true, would constitute at most breach of contract and not copyright infringement.

15.     Under Section 412(1) of the Copyright Act, Plaintiff is barred from recovering statutory damages and attorneys' fees, as provided by Sections 504 and 505 of the Copyright Act, because the effective dates of certain alleged copyright registrations for Plaintiff's works occurred after the commencement of the alleged infringement of Plaintiff's copyrights.

16.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

17.     Plaintiff's claims are barred, in whole or in part, based on improper venue.

18.     Plaintiff's claims for copyright infringement are barred, in whole or in part, by the consent arising from the course of dealing between the parties to the transactions at issue in this proceeding.

19.     Plaintiff has failed to allege its purported actual damages with the requisite particularity.

20.     Plaintiff's alleged damages may be limited or capped by certain provisions in Plaintiff's invoices to the extent such provisions are found to be part of the licenses at issue and are enforceable.

21.     Plaintiff has failed to mitigate its purported damages by failing to monitor the use of the works for which it was engaged in a licensing business.


DATED:  May 12, 2014                    By: */s/ David W. Marston, Jr.*
                                            David W. Marston, Jr. (Pa. Bar No. 84399)
                                            Morgan, Lewis & Bockius LLP
                                            1701 Market Street
                                            Philadelphia, PA 19103
                                            Telephone:  (215) 963-5000
                                            Facsimile:  (215) 963-5001
                                            dmarston@morganlewis.com

                                            *Attorney for Defendant Pearson Education, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2014, a true and correct copy of the foregoing pleading was filed and served via the ECF filing system upon all attorneys of record.

DATED: May 12, 2014

*/s/ David W. Marston, Jr*
David W. Marston, Jr.